**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CHARLES EDWARD COOLEY, JR.,** | * |
| **(AIS: # 230863)** | * |
| | * |
| **Petitioner,** | * |
| | * |
| **vs.** | * **CIVIL ACTION NO.14-00100-WS-B** |
| | * |
| **CHERYL PRICE, *et al.,*** | * |
| | * |
| **Respondent.** | * |

**Report and Recommendation**

Charles Edward Cooley, Jr., a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 15). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that this action be dismissed his action be dismissed and that judgment be entered in favor of Respondent on all claims.

## I. BACKGROUND FACTS

Cooley filed the instant petition attacking his 2009

conviction for attempted murder and first-degree assault and the subsequent life sentences imposed by the Circuit Court of Mobile County, Alabama. (Doc. 15). Cooley gave notice of his appeal at sentencing on June 25, 2009. (Doc. 1-2 at 15). On direct appeal, Cooley argued (1) he was denied his right to a speedy trial; (2) his photographic line-up was inadmissible; (3) he was entitled to a mistrial because the victim referred to his photo as a "mug shot"; and (4) he did not knowingly, intelligently, and voluntarily waive his right to counsel. (Doc. 1-1 at 20-36). The Alabama Court of Criminal Appeals affirmed Cooley's convictions on July 16, 2010, and overruled his application for rehearing on July 30, 2010. (Id.) The Supreme Court of Alabama denied certiorari review and issued a certificate of judgment on January 7, 2011. (Doc. 24-8).

Cooley filed a Rule 32 petition in the Circuit Court of Mobile County, Alabama, and an accompanying *in forma pauperis* application. (Docs. 24-10; 24-9) The circuit court initially granted the motion to proceed *in forma pauperis* on June 6, 2012. (Doc. 24-11). Subsequent thereto, the State filed a motion to dismiss, and on April 9, 2013, the circuit court issued an order reversing its previous order granting Cooley *in forma pauperis* status. (Docs. 24-11; 24-12). The circuit court dismissed Cooley's case without ruling on the Rule 32 petition. (Id.)

Cooley appealed the dismissal of his Rule 32 petition and

reasserted several of the arguments raised in the petition. (Doc. 24-12). The Alabama Court of Criminal Appeals dismissed the appeal on August 20, 2013. (Doc. 24-12). The appeals court found that the circuit court did not abuse its discretion in withdrawing Cooley's *in forma pauperis* status because the record reflected that Cooley had deposited $1,381.05 in his inmate account in the 12 months preceding the filing of his request to proceed *in forma pauperis*. (Id.). The appeals court also observed that "[a]n adverse ruling by the trial judge is a prerequisite for preserving an alleged error in a criminal trial for appellate review", and that in dismissing Cooley's case, the trial court did not address Cooley's Rule 32 petition; thus, there was no final judgment from which to appeal. (Id.). The appeals court further advised that "[a] writ of mandamus is the proper vehicle by which a petitioner may compel the trial court to proceed on a Rule 32 petition in which the trial court has denied the petitioner's request to proceed in forma pauperis." (Id.).

Cooley filed a petition for writ of mandamus requesting an order directing the circuit court to dispose of his Rule 32 petition. (Doc. 24-14). In an order dated October 31, 2013, the Alabama Court of Criminal Appeals denied the writ on the ground that there was no indication that Cooley had paid the filing fee, and that a postconviction petition is not deemed filed until a

3

filing fee is paid or an in forma pauperis request is granted and the fee waived. (Id.)  The appeals court also held that a circuit court does not obtain subject matter jurisdiction over the postconviction proceeding until a filing fee is paid or waived, and in the absent subject matter jurisdiction, the circuit court could not be directed to dispose of a petition. (Id.).  The Supreme Court of Alabama denied review, and a certificate of judgment was issued November 15, 2013. (Doc. 24-13).

Cooley filed the instant petition for habeas corpus relief on March 28, 2014.[1] (Doc. 15).  In his petition, Cooley alleges that the State did not prove that he knowingly and intelligently waived his right to counsel. (Id.). In her response, Respondent asserts that Cooley's claim is procedurally barred because he never received an adverse ruling on his Rule 32 petition; thus, there is no final judgment from which he can appeal. (Doc. 24). Cooley filed a response in opposition wherein he argues that he diligently pursued his rights in state court, and that the trial court abused its discretion in withdrawing his in forma pauperis status and dismissing his Rule 32 petition without notice. (Doc. 25). Upon careful review of the filings and supporting documents, the undersigned finds that Cooley's petition should be denied.

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); see (Doc. 1 at 13).

4

## II. ANALYSIS

"The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited.   Federal courts are not forums in which to relitigate state trials." Smith v. Newsome, 876 F.2d 1461, 1463 (llth Cir. 1989).   Indeed, "[f]ederal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." Atkins v. Singletary, 965 F.2d 952, 955 (llth Cir. 1992); Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L. ED. 2d 308 (1989); Bailey v. Nagle, 172 F.3d 1299, 1303 (llth Cir. 1999). A federal court must determine "whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a [state] procedural bar."

> By its very definition, the adequate and independent state-grounded doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. See Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S. Ct. 183, 80 L. Ed. 158 (1935). Thus, by applying this doctrine to habeas cases, [Wainwright v. Sykes, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.   In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism and comity.

Harris v. Reed, 489 U.S. at 264 n.10.

A three-part test is utilized to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." Id. Second, the state court's decision must rest entirely on state law grounds and not be "intertwined with an interpretation of federal law." Id. Third, the state procedural rule must be adequate. Id. The adequacy requirement has been interpreted to mean that the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. Id.

The undersigned observes that in Alabama, it appears clear that the requirement of a filing fee or grant of in forma pauperis motion is a firmly established and regularly followed condition to filing. Indeed, Rule 32.6(a) of the Alabama Rules of Criminal Procedure provides in relevant part that a Rule 32 petition "shall be. . . accompanied by the filing fee prescribed by law on civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis." See also Ala. Code § 12-19-70; Ex Parte Wyre, 74 S.3d

479, 482 (Ala. Crim. App. 2011)(holding that trial court acted within its discretion in denying IFP status where petitioner had received $876.52 in deposits during the 12 months preceding the filing of his Rule 32 petition); Ex parte Holley, 883 So.2d 266, 268-69 (Ala. Crim. App. 2003)(same, where statement showed monthly deposit balances as high as $185). However, the Alabama Court of Criminal Appeals held, in Beamon v. State of Alabama, 204 So.3d 1 (Ala. Crim. App. 2014), that when a request to proceed in forma pauperis is denied, the circuit court should, by order, give the petitioner a reasonable time, such as 30 days, to pay the filing fee, and that if the petitioner does not pay the filing fee within the time set forth in the circuit court's order, the circuit court may then dismiss the petition for lack of jurisdiction to consider the petition.

In this case, nearly a year after Cooley sought and was granted permission to proceed in forma pauperis, the circuit court withdrew the order granting in forma pauperis status and dismissed the case without affording Cooley an opportunity to pay the filing fee. This Court need not decide if under the circumstances of this case, the State's rule precluding review in the absence of a filing fee or grant of in forma pauperis status was firmly established, because Petitioner' claim lacks merit[2].

---

[2] Petitioner raised a single claim in his habeas petition. (Doc. 15). He cannot amend his petition by seeking to raise new claims

See 28 U.S.C. § 2254(b)(2); Smith v. Crosby, 159 F. App'x 76, 79 n.1 (11th Cir. 2005); Charley v. Estes, 2015 U.S. Dist. LEXIS 64636 (Feb. 19, 2015)(court held that it was not necessary to consider the state's procedural default argument where the claim was plainly to be rejected on the merits).

Cooley argues that the state court did not prove that he knowingly and intelligently waived his right to counsel. (Doc. 15 at 14). He states that during trial, he became "obviously disturbed" by his trial counsel's performance, and informed the court that he "waived his right to counsel so he could obtain the assistance of a new attorney". (Id. at 15). The record reflects that the trial court denied Cooley's request to continue the ongoing trial in order to retain new counsel, and as a result, Cooley asserted his right to waive counsel and represent himself. (Doc. 42-2 at 213-226). Cooley alleges that the colloquy between him and the trial court is insufficient to prove that his waiver of counsel was not knowing and voluntary. (Doc. 15 at 15). On direct appeal, the Alabama Court of Criminal Appeals affirmed Cooley's conviction, and expressly found that his assertion regarding the waiver of his right to counsel was without merit. (Doc. 24-7). The Supreme Court of Alabama denied certiorari review. (Doc. 24-8). The record clearly reflects that Cooley's claim is without merit.

---

in his response to Respondent's brief.

Criminal defendants have a right under the Sixth Amendment of the United States Constitution to the assistance of counsel during all critical stages of the criminal justice process. Iowa v Tovar, 541 U.S. 77, 80-81, 124 S. Ct. 1379, 1383, 158 L. Ed. 2d 209 (2004). Due to the technical skill that a criminal trial demands, it is undeniable that in most criminal prosecutions "defendants could better defend with counsel's guidance than by their own unskilled efforts." Faretta v. California, 422 U.S. 806, 834, 95 S. Ct. 2525, 2540, 45 L. Ed. 2d 562 (1975). However, the defendant "must be free personally to decide whether in his particular case counsel is to his advantage." Id. at 834, 95 S. Ct. at 2541. A defendant may waive his right to counsel and represent himself "so long as his choice to do so is made voluntarily and knowingly, with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Jones v. Walker, 540 F. 3d 1277, 1287-88 (11th Cir. 2008)(internal citations and quotation marks omitted).

The Court in Jones noted that the burden of proof relating to Sixth Amendment waiver of counsel claims shifts to the petitioner when the petitioner is pursuing such a claim in a habeas petition. Jones, 540 F.3d at 1292. When a petitioner seeks relief by the "extraordinary remedy of habeas corpus", the burden shifts to the petitioner to establish that he did not "competently and intelligently waive his constitutional right to

9

assistance of Counsel." Id. (citations omitted). To meet that burden, a petitioner is required to point to evidence in the record from which a trier of fact could reasonably conclude that the petitioner did not understand the dangers of self-representation at the time that he waived his right to counsel. Id.

Cooley does not point to any such evidence in the instant case. Indeed, a review of the trial record reflects that the trial court took great care to ensure that Cooley fully understood the dangers of self-representation. The transcript reflects that following the examination of the victim, and after the jury had been excused from the courtroom, Cooley expressed his dissatisfaction with his counsel, and repeatedly stated that he wanted to waive counsel, and he wanted to represent himself. Doc. 42-2 at 212-219). The Court initially denied Cooley's request and then took a recess to carefully consider the request. (Doc. 213-221). Following the recess, outside the presence of the jury, the Court conducted the following colloquy with Cooley regarding his request to waive counsel:

> "THE COURT: [] Mr. Cooley, the Court has during the recess taken a look at other matters involving your case. And I need to go over a few things with you. And we've already gone over some of it already, but I'll go over it with you again and see if the Court believes you are in a position to represent yourself or not.
>
> You understand that the Court thinks it's a bad idea

for you to represent yourself; do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Do you understand the reason why the Court thinks that?

THE DEFENDANT: No, sir.

THE COURT: Because you are not trained in the law, because – have you ever tried a criminal case before?

THE DEFENDANT: No, sir.

THE COURT: Have you ever sat through a criminal trial before?

THE WITNESS[3]: Somewhat.

THE COURT: All right. Do you understand that there are rules of court that you would have to follow if you tried to represent yourself?

THE DEFENDANT: Yes, sir.

THE COURT: And that you would be treated just like a lawyer would be treated; that you couldn't just say whatever you wanted to say; that you would have to do whatever the Court said as far as the Rules of Evidence is concerned?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Have you ever studied the Rules of Evidence?

THE DEFENDANT: Not – not – no sir.

THE COURT: All right. Do you know what the rules are concerning making the closing argument, and that you would potentially be putting yourself into a position of making statements against your own interests that could be used against you?

---

[3] This portion of the transcript refers to Cooley interchangeably as both "Defendant" and "Witness".

THE DEFENDANT: I won't do that, Your Honor, make a statement against myself, but I get exactly what you're saying.

THE COURT: I mean you would have the right to address the jury at the end.

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand that; that you might say something that could potentially be used against you; you may not realize it, but it could be?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything further? Have you reconsidered our position at all about whether you want to proceed representing yourself or not?

THE DEFENDANT: I have a couple of questions concerning representing myself.

THE COURT: All right. And what are those?

THE DEFENDANT: Okay. Concerning with the transcripts that the victims made under oath, will I be able to use those?

THE COURT: You can use anything that your attorney has that's available to you. It's your file.

THE DEFENDANT: Okay.

THE COURT: Do you still wish to represent yourself?

THE DEFENDANT: Yes, sir…[4]

. . .

THE COURT: Now, the other thing I'm going to do is

---

[4] The colloquy continues with Cooley's request for time to review his documents with his lawyer and to recall a former witness. The trial judge denied the request. That portion of the transcript is omitted as it is not pertinent to issue of whether Cooley's waiver was knowing and voluntary. (Doc. 42-2 at 224-225).

that I'm not completely discharging Mr. Pierson. Mr.
Pierson is going to remain in the courtroom, and may
remain at the back table, if that's what you prefer.
And any time you want to withdraw your waiver of
counsel, you can withdraw it.

THE DEFENDANT: I understand.

THE COURT: And Mr. Pierson will be there. And if you
want to consult with Mr. Pierson during any of it,
you can consult with him.

But, again, you must understand the Court is not
recommending this. In fact, I am telling you that I
think this is a very bad decision on your part. Do
you understand that?

THE DEFENDANT: Yes, sir.

(Doc. 42-2 at 221-226). The transcript reflects that later in the

trial, the Court revisited the issue of counsel after defense

counsel recommended that he be reinstated for the remainder of

the trial. Cooley rejected the recommendation, and again insisted

on representing himself. (Tr. 42-3 at 41-44). The Court again

advised Cooley of its belief that representing himself would be

detrimental to his case. (Id.). The transcript clearly reflects

that the trial court gave an extensive and comprehensive warning

to Cooley about the potential dangers of representing himself in

his criminal prosecution, but he insisted on doing so.

Warnings given to a criminal defendant are relevant in

determining whether the defendant knowingly waived his right to

counsel. Jones, 540 F.3d at 1293. Trial courts are required to

warn defendants about the dangers of self-representation "not

because the warnings are an end in themselves, but because they are a means to an end of ensuring defendants do not waive fundamental constitutional rights without an adequate understanding of the consequences of their choices." <u>Id.</u> (citation omitted). The "ultimate test" of whether a defendant's choice is knowing is not the adequacy of the trial court's warning, however, but "the defendant's understanding". <u>Id.</u> (citing <u>Fitzpatrick v. Wainwright</u>, 800 F.2d 1057, 1065 (11th Cir. 1986); <u>Stano v. Dugger</u>, 921 F. 2d 1125, 1145 (11th Cir. 1991)(en banc)). "So long as a defendant knows the risks associated with self-representation, it is irrelevant for constitutional purposes whether his understanding comes from a colloquy, a conversation with counsel, or his own research and experience – the core inquiry is whether the defendant understood the choices before him and the potential dangers of proceeding *pro se*." <u>Id.</u>

It is clear to the undersigned, based upon an extensive review of the record in this case, that Cooley understood the choices before him and the potential dangers of representing himself in his criminal proceeding. As such, his waiver of counsel was plainly valid. <u>Cf.</u> <u>Jones</u>, 540 F. 3 at 1291 (court found that waiver of counsel was valid even though the Court did not provide Jones with any explanation of the rights he was surrendering by waiving counsel, did not advise him of procedural and evidentiary rules he would be required to follow, or inform

him that he would potentially have to make a complicated strategy decision at trial) and United States v. Garey, 540 F.3d 1253, 1264 (11th Cir. 2008)(en banc)(valid waiver of counsel existed even when Defendant did not affirmatively request to represent himself when the Defendant knowingly rejected the only counsel to which he was constitutionally entitled).

## CONCLUSION

As the record clearly shows that Cooley knowingly and voluntarily waived his right to trial counsel, he is not entitled to habeas relief. Accordingly, the undersigned recommends that this Cooley's petition be **DENIED**, and that this action be **DISMISSED** with prejudice.

## Certificate of Appealability.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits, of an underlying constitutional claim, as in this case, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). In the instant action, Cooley has failed to show that the state courts rendered decisions that were neither contrary to, nor an unreasonable applications of, clearly established federal law. See 28 U.S.C. § 2254(d)(1).

None of Cooley's claims would warrant the issuance of a

Certificate of Appealability in this case. For the reasons discussed above, Cooley has not carried his burden of establishing that his waiver of counsel at trial was not made knowingly or voluntarily. Accordingly, the Court finds that the decision of the Alabama Court of Criminal Appeals was a reasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Under the circumstances, reasonable jurists could not debate whether any of his claims should be resolved in a different manner or were adequate to deserve encouragement to proceed further on the merits. The recommendation that these claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of the claims on the record presented. It is thus recommended that the Court deny any request for a Certificate of Appealability.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.*

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **18th** day of **January, 2017.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**